<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION   NOT TO BE CITED AS PRECEDENT]

                United States Court of Appeals
                    For the First Circuit

No. 98-2159

                  NOVACORE TECHNOLOGIES, INC.,

                     Plaintiff, Appellant,

                               v.

                GST COMMUNICATIONS CORPORATION,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF MASSACHUSETTS

           [Hon. Patti B. Saris, U.S. District Judge]

                             Before

                     Selya, Circuit Judge,
                                
               Campbell, Senior Circuit Judge,
                                
                  and Boudin, Circuit Judge.
                                
                                
                                
    Peter A. Johnson, Anthony E. Kilbridge, and Lane Altman &
Owens, LLP on brief for appellant.
    Joseph F. Ryan and Lyne, Woodworth & Evarts LLP on brief for
appellee.

September 24, 1999

                                

 Per Curiam.  This appeal arises from a dispute over the
right to revoke acceptance of a custom-tailored software system.  
Plaintiff-appellant Novacore Technologies, Inc. (Novacore) designs
customized computer software.  In or around November 1994,
defendant-appellee GST Communications Corporation (GST) asked
Novacore to design and install a complex international voice
callback telephone switch system to service its international
telecommunications business.  Following a lengthy negotiation, the
parties entered into a contract in March of 1995.  Novacore then
designed the system and delivered it to GST in April.  The district
court found that GST accepted it that summer.  See Novacore Tech.,
Inc. v. GST Comms. Corp., 20 F. Supp.2d 169, 185 (D. Mass. 1998).  
GST knew then that the system was not fully operational, but
nonetheless accepted it, relying (or so the district court
supportably found) on Novacore's assurances that necessary fine-
tuning would occur within a reasonable time.  See id. at 186.
 The relationship between the parties soured when, after
Novacore tried for months to "de-bug" the system, GST notified
Novacore in October 1995 that it was exercising its "right" to
revoke its earlier acceptance.  At the same time, GST demanded the
return of all payments theretofore made in connection with its
acquisition of the system.
 Displeased by this turn of events, Novacore sued GST in
a Massachusetts state court.  Citing diversity of citizenship and
the existence of a controversy in the requisite amount, GST removed
the case to the federal district court, see 28 U.S.C.  1332(a),
1441(a), and counterclaimed against Novacore.
 The battle lines were clearly drawn.  Novacore maintained
that its system fulfilled the conditions of the contract and that
GST had failed to give it either enough time or enough cooperation
to correct relatively innocuous problems.  Further, Novacore
averred that GST had acted in bad faith by prematurely replacing
the system with another product.  GST denied these allegations and
counterclaimed on grounds that the Novacore system had never
measured up to contract specifications and that Novacore, not GST,
had acted in bad faith.
 After a four-day bench trial, the district court rejected
Novacore's claims and found it to be in breach of the agreement.  
See Novacore, 20 F. Supp.2d at 186.  Concomitantly, the court ruled
that GST had a right to revoke its acceptance in light of the
system's failure to perform in accordance with contract
specifications.  See id.  The court awarded GST damages equivalent
to a refund of the purchase price, together with other relief.  See
id.
 In adjudicating this dispute, Judge Saris wrote a
meticulously detailed opinion in which she concluded that GST,
rather than Novacore, should prevail.  Having perused the record
and carefully considered the parties' briefs, we find no basis to
second-guess her thoughtful decision.  To the contrary, we regard
this as a near-perfect situation in which to put into practice our
previous preaching that "when a lower court produces a
comprehensive, well-reasoned decision, an appellate court should
refrain from writing at length to no other end than to hear its own
words resonate."  Lawton v. State Mut. Life Assur. Co., 101 F.3d
218, 220 (1st Cir. 1996); accord Ayala v. Union de Tronquistas, 74
F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel
Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993).  Consequently, we
affirm the judgment for substantially the reasons elucidated in the
opinion below.  We add only two brief comments.
 First:  Novacore in essence beseeches us to reweigh the
facts anew.  The appropriate standard of review, however, is
considerably more circumscribed.  Following a jury-waived trial, an
appellate court is not warranted in rejecting the trial judge's
"findings of fact or conclusions drawn therefrom unless, on the
whole of the record, [the court of appeals] form[s] a strong,
unyielding belief that a mistake has been made."  Cumpiano v. Banco
Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990).  The record in
this case, read fair-mindedly, does not yield a conviction that a
mistake has been made, and no error (clear or otherwise) is
discernible.  To be sure, depending how the facts are arrayed, two
different versions of the relevant events potentially emerge.  
Since the court chose one of these, however, there can be no clear
error   and we are powerless to disturb the court's findings.  So
viewed, the standard of review dooms Novacore's importunings.
 Second:  The parties agree that Massachusetts law
controls here.  In Massachusetts, there are two lawful ways to
revoke acceptance of a good:
   (1) The buyer may revoke his acceptance of a
 lot or commercial unit whose non-conformity
 substantially impairs its value to him if he
 has accepted it
       (a) on the reasonable assumption
   that its non-conformity would be
   cured and it has not been
   seasonably cured; or (b) without
   discovery of such non-conformity
   if his acceptance was reasonably
   induced either by the difficulty
   of discovery before acceptance
   or by the seller's assurances.

Mass. Gen. Laws ch. 106,  2-608 (1957).  The lower court found
that GST had revoked rightfully under the first of these
subsections.  See Novacore, 20 F. Supp.2d at 186.
 Novacore responds that GST did not effectively revoke its
acceptance of the system under section 2-608(1)(a) for three
principal reasons, viz., (1) it (Novacore) did not give GST any
reason to believe, at the time of acceptance, that the system would
be materially improved; (2) the so-called "debit card problem"
could not be a basis for revocation because Novacore never told GST
that it could be corrected; and (3) the fact that GST, prior to its
revocation, had purchased another product capable of replacing the
Novacore system betrayed its belief that the Novacore system could
not be perfected.
 The district court dealt effectively with this
asseverational array.  As to Novacore's first two points, it is
undisputed that at the time of acceptance the system did not
conform to the contract specifications.  The district court's
conclusion that GST would not have accepted a customized system
without some assurances that it would eventually conform, see id.,
derives ample support both from the record and from a commonsense
appraisal of business realities.  As to the "debit card" problem,
the district court's ruling, at bottom, is a credibility call   and
we rarely meddle in such matters.  See, e.g.,  Dedham Water Co. v.
Cumberland Farms Dairy, Inc., 972 F.2d 453, 457 (1st Cir. 1992)
(acknowledging that appellate courts ordinarily should defer to
"the trier's superior ability to gauge credibility").
 The district court's conclusion that there was no bad
faith vis--vis GST's acquisition of a replacement system is
equally impervious to attack.  See Novacore, 20 F. Supp.2d at 186-
87.  GST had a history of purchasing multiple systems, for limited
purposes, and it offered a plausible explanation for having
purchased a parallel system in this instance.  This evidence,
coupled with evidence that despite the Novacore system's patent
inadequacies, GST substantially paid for it and gave Novacore
nearly six months from the time of installation to get its act in
order, adequately grounds the district court's conclusion that GST
exercised good faith.
 We need go no further.  The judgment of the district
court is summarily affirmed.  See 1st Cir. R. 27.1.

Affirmed.

</body>

</html>