[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1631

BUSINESS FORMS, INC.,

Plaintiff, Appellee,

v.

STEVEN J. GERVASIO ET AL.,

Defendants, Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert B. Collings, U.S. Magistrate Judge]

---

Before

Selya, Circuit Judge,

Bownes and Stahl, Senior Circuit Judges.

---

Dana A. Curhan for appellants.
Robert L. Rossi, with whom Odin P. Anderson was on brief, for appellee.

---

April 17, 2002

---

**Per Curiam**.  The litigation underlying this appeal arises out of failed business dealings between Business Forms, Inc. (BFI), Steven J. Gervasio, and several entities organized by Gervasio. When the transaction soured, BFI sued Gervasio and an affiliated entity, Fast Forms Inc. (FFI), for breach of a non-competition agreement, conversion, unfair trade practices, and the like.[1]  By consent of the parties, see 28 U.S.C. § 636(c), the case was tried to a magistrate judge.  The judge conducted a six-day bench trial anent BFI's allegations and the defendants' rejoinders.  He reserved decision and thereafter wrote a meticulously reasoned rescript in which he resolved both the factual and legal issues in BFI's favor, and entered a substantial judgment against Gervasio and FFI.  See BFI v. Gervasio, No. 94-10645, slip op. (D. Mass. Mar. 29, 2001).  This appeal followed.

Having read the record, considered the parties' briefs, and entertained oral argument, we find no basis to disturb the magistrate judge's exegetic decision.  To the precise contrary, we regard this as a suitable occasion to act on our conviction that an appellate court's time should not be spent reinventing well-fashioned wheels.  Where, as here, a trial judge crafts a first-rate opinion, a reviewing court ought not wax longiloquent for no more compelling reason than to hear its own words resonate.  See,

---

[1]BFI also sued Chesley Business Forms, Ltd., but the issues on appeal do not concern that defendant.

e.g., Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 42 (1st Cir. 2001); Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); Ayala v. Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). Consequently, we affirm the judgment for substantially the reasons elucidated in the opinion below. We add only three brief comments.

**First**: The defendants acknowledge that — apart from his evaluation of the sufficiency of the evidence — the magistrate judge committed no error in any of his legal rulings. They concentrate instead on his rendition of the facts. Although their briefs contain much sound and fury, they amount, at bottom, to a plea that we reweigh the facts de novo. That plea defies our standard of review, which is much more circumscribed.

Following a bench trial, an appellate court is not justified in rejecting the trial court's "findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the court of appeals] forms a strong, unyielding belief that a mistake has been made." Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990). Put another way, such findings can be overturned only for clear error. See id. (collecting cases); see also Fed. R. Civ. P. 52(a). The instant record, read from a neutral coign of vantage, does not yield a conviction that a

mistake has been made, and no hint of any error — clear or otherwise — is apparent.

**Second**: The defendants' challenge to the sufficiency of the evidence presents a question of law, which engenders de novo review. Sierra Fria Corp. v. Evans, 127 F.3d 175, 181 n.2 (1st Cir. 1997); Smith v. F.W. Morse & Co., 76 F.3d 413, 420 (1st Cir. 1996). Here, however, the challenge is baseless.

A sufficiency challenge demands that we peruse the entire record (including the inferences reasonably extractable therefrom) in the light most hospitable to the plaintiff, without gauging witness credibility, resolving testimonial conflicts, or assaying the relative quality of the proof. Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 75 (1st Cir. 2001); Correa v. Hosp. San Francisco, 69 F.3d 1184, 1191 (1st Cir. 1995). So long as the trial court's interpretation of the evidence is plausible, we may not disturb it (whether or not we, if sitting as the triers of fact, would have reached the same conclusion). Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 840 (1st Cir. 1990). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)).

The magistrate judge's findings pass through this screen with ease: the record, viewed in the requisite light, contains

ample evidence of Gervasio's perfidy and of FFI's involvement in prohibited activities.  No more is exigible.

**Third**:  Relatedly, the defendants say that BFI did not prove that Gervasio acted in bad faith.  But state of mind is typically inferred from circumstantial evidence, <u>see</u> <u>Harte-Hanks Communications, Inc.</u> v. <u>Connaughton</u>, 491 U.S. 657, 668 (1989); <u>Am. Communications Ass'n</u> v. <u>Douds</u>, 339 U.S. 382, 411 (1950), and the circumstances here are adequate to ground an inference that Gervasio acted knowingly and with scurrilous intent (and, thus, are adequate to ground a finding of liability on all the counts lodged against him, including the chapter 93A count).

We need go no further.  Whether or not this was a close case below — that is a matter on which we take no view — it is plainly not a close case on appeal.

**Affirmed**.