Edward J. BARTA

v.

Sanford GORODETSKY et al.

No. 80–226–Appeal.

Supreme Court of Rhode Island.

Jan. 29, 1981.

Reargument Denied March 19, 1981.

Keven A. McKenna, Providence, for plaintiff.

Vincent J. Piccirilli, Providence, for defendants.

## OPINION

**WEISBERGER, Justice.**

This is an appeal by the defendants from a judgment of the Superior Court ordering that the plaintiff be placed on the promotional list for the rank of captain in the Fire Department of the City of Providence. We reverse.

The plaintiff was a candidate in April of 1978 for the position of captain in the Providence fire department. In implementation of his candidacy he sat for a written examination on April 10, 1978. Twenty-six other individuals took the same examination. On April 18, 1980, the names of the five candidates who had received the highest scores were published. The plaintiff was not among this group, but thereafter he ascertained that he scored in sixth place on the examination and had been separated by only one-eighth of a point from the person who ranked fifth in the examination. Upon reviewing the examinations of those persons who had scored higher than he and upon reviewing his own examination, plaintiff focused attention upon question number 75 in the examination, which counted for one-half of one point and which read as follows: "What type of fuel is to be used in the four cycle portable pump?" The plaintiff's answer to the question was "Regular."

Upon further investigation and inquiry, plaintiff learned that all three persons who corrected the examination had graded his answer as wrong. Captain Patrone, the officer in charge of administering examinations in the Providence fire department, informed plaintiff that had his answer to question number 75 been correct, he would have scored higher than the person who was numbered five on the promotional list.

Subsequently, plaintiff submitted a grievance to Local 799, International Association of Fire Fighters (the union). However, for reasons that do not appear in the record of this action, the union failed or refused to process this grievance through the procedures provided in the collective-bargaining agreement. As a consequence, plaintiff brought action for injunctive relief in the Superior Court. The trial justice determined that the answer given by plaintiff was substantially correct and ordered the eligible promotion list expanded to six persons in order to include the plaintiff.

On appeal defendants challenge the jurisdiction of the court in light of the existence of a collective-bargaining grievance procedure. They further claim that the court erred in failing to join an indispensable party, namely, the union. The defendants assert error in the substitution of judgment by the trial justice for that of the examiners in determining the correctness of the answer to question number 75 and also claim that the relief ordered by the trial justice was in excess of his jurisdiction. We believe that the third error asserted is dispositive of the case; and therefore, we shall assume, without deciding, that the court properly exercised jurisdiction and that the failure to join the union was not fatal to the action.

Addressing the question of the trial justice's substitution of judgment, we recognize the general rule that courts are extremely reluctant to interfere with the functioning of an administrative body such as an agency that administers merit or civil-service-type examinations as long as the agency carries on its business in a fair and reasonable manner.[1] *Lukachik v. Jankura,* 27 Conn.Supp. 1, 8, 228 A.2d 523, 526 (Super.Ct.1966). It has further been stated that even if reasonable men could differ about the soundness and appropriateness of the scope and character of an examination, the judgment of the agency must prevail and is not to be interfered with by the courts in the absence of proof of bad faith or arbitrary, capricious, or illegal action. *Deyesu v. Mayor and City Council,* 232 Md. 601, 194 A.2d 783 (1963); *Sloat v. Board of Examiners of Board of Education,* 274 N.Y. 367, 9 N.E.2d 12, 112 A.L.R. 660 (1937). In the absence of a claim of racial discrimination or the deprivation of civil rights,[2] the foregoing principles are valid and represent sound public policy since courts are lacking in the expert skills and knowledge required to perform the duties of giving examinations on a wide range of professional topics. *Lukachik v. Jankura,* 27 Conn.Supp. at 8, 228 A.2d at 526–27; *see Keim v. United States,* 177 U.S. 290, 295–96, 20 S.Ct. 574, 576, 44 L.Ed. 774, 776 (1900) (supervision of employees belongs with agency, not courts).

In the case at bar, the chief of the Providence fire department listed eighteen acceptable answers, none of which had been chosen by plaintiff. The difference between plaintiff's answer and the eighteen acceptable answers lay in the fact that all the acceptable answers indicated the type of fuel, namely, gasoline without oil mixture or regular gasoline. It is noteworthy that plaintiff's answer gave only the single word "regular" without indicating the type of fuel to which this adjective should be applied. We believe that the three examiners who found this answer unacceptable were not acting in an arbitrary or capricious manner and that their determination of nonacceptability was well within that area upon which reasonable minds might differ and within the area in which their discretion should not be disturbed. *See* 3 McQuillin, *The Law of Municipal Corporations,* § 12.78c, at 347 (Rev.3d ed. 1978). Thus, we conclude that the trial justice erred in substituting his judgment for that of the examiners on the appropriateness of plaintiff's answer.

For the reasons stated, the defendants' appeal is sustained, the judgment of the Superior Court is reversed, and the case is remanded to the Superior Court with direction to enter judgment for the defendants.

---

1. *See Keim v. United States,* 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900). In *Keim* the Supreme Court of the United States recognized that the function of evaluating employee competence and efficiency properly rests with the administrative agency itself. *Id.* at 295–96, 20 S.Ct. at 576, 44 L.Ed. at 776. Professor Kaplan has concluded that courts do not interfere with examination materials as long as the subject matter is plausibly related to the function of the position. Kaplan, *The Law of Civil Service* 154 (1958). Absent some extraordinary circumstances, courts will rarely oversee examinations:

   "Only where there is clear evidence of fraud, or palpable illegality which in some way negatives the competitive character of the examination, have the courts appeared to substitute their judgment for that of the commission. Actually, the courts have not substituted their judgment in these cases, as has been alleged, but have merely invalidated the determinations or actions of the personnel agency as being contrary to the law's requirements." *Id.* at 132.

2. *See, e. g., Vulcan Soc'y v. Civil Serv. Comm'n,* 490 F.2d 387 (2d Cir. 1973); *Bridgeport Guardians, Inc. v. Members of the Bridgeport Civil Serv. Comm'n,* 482 F.2d 1333 (2d Cir. 1973), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1997, 44 L.Ed.2d 481 (1975); *Kirkland v. New York State Dep't of Correctional Servs.,* 374 F.Supp. 1361 (S.D.N.Y.1974), *aff'd in part and rev'd in part,* 520 F.2d 420 (2d Cir. 1975), *cert. denied,* 429 U.S. 823, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976).