Jose AYALA, et al., Plaintiffs, Appellants,

v.

**UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, et al., Defendants, Appellees.**

No. 95–1881.

United States Court of Appeals, First Circuit.

Submitted Jan. 9, 1996.

Decided Jan. 24, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 15, 1996.

John Ward Llambias on brief for appellants.

Ana Rosa Biascoechea, Raquel M. Dulzaides, and Jimenez, Graffam & Lausell on consolidated brief for appellees.

Before SELYA, Circuit Judge, ALDRICH and COFFIN, Senior Circuit Judges.

SELYA, Circuit Judge.

This is a hybrid action brought pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1994). In it, the plaintiffs complain that Union de Tronquistas de Puerto Rico, Local 901 (the Union) acted in dereliction of its duty of fair representation, and that their employer, Crowley American Transport, Inc. (Crowley), violated the collective bargaining agreement (the CBA) that was in effect at the times relevant hereto. The defendants denied the plaintiffs' allegations. In due course, the district court

granted the defendants' motion for summary judgment. *See Ayala v. Union de Tronquistas de P.R., Local 901,* 913 F.Supp. 74 (D.P.R. June 16, 1995). The plaintiffs appeal. We summarily affirm.

There is no need to tarry. Having read the record and carefully considered the parties' briefs, we find no basis to disturb the district court's well-reasoned decision. To the precise contrary, we regard this as a paradigmatic case in which to put into practice our stated belief that, when "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir. 1993). Consequently, we affirm the judgment for substantially the reasons elucidated in the opinion below. We add only three brief comments.

■ *First:* The plaintiffs (who are members of Local 901) urge that they were entitled to seniority rights by classification, and that, therefore, the Union should have safeguarded them against being "bumped" from their laborers' jobs by non-laborers with greater company-wide seniority. This exhortation is unavailing. While the CBA is admittedly ambiguous on the key point of what sort of seniority (company-wide or in-classification) prevails in respect to laborers' positions, past practice over many years—the so-called law of the shop—makes it transpicuously clear that the most plausible reading of the CBA favors company-wide seniority as the appropriate measure.[1] In this situation, the law of the shop controls. *See United Steelworkers v. Warrior & Gulf Navig. Co.,* 363 U.S. 574, 580, 80 S.Ct. 1347, 1351–52, 4 L.Ed.2d 1409 (1960).

■ *Second:* In all events, disaffected employees do not possess an absolute right to have their union shepherd a complaint through the grievance process to the bitter end. "In the context of employee grievances, the duty of fair representation is not a straitjacket which forces unions to pursue

---

1. It is worthy of note that several of the plaintiffs were themselves, on earlier occasions, beneficiaries of the interpretation that they now strain to repudiate.

grievance remedies under the collective bargaining agreement in every case where an employee has a complaint against the company.... A union is accorded considerable discretion in dealing with grievance matters, and it may consider the interests of all its members when deciding whether or not to press the claims of an individual employee." *Seymour v. Olin Corp.,* 666 F.2d 202, 208 (Former 5th Cir.1982). Put another way, a union, caught in the middle between dueling employees, is not obliged to throw some union members to the wolves merely to placate others.

In this case, the Union offered to process a grievance that presented both sides of the story. The plaintiffs asked to have this proposed grievance withdrawn. They sought to substitute in its place a grievance containing a one-sided presentation and adamantly insisted that the Union embrace this version. Understandably, the Union declined to do so. The undisputed facts reveal that the Union acted reasonably both in offering to press a balanced grievance and in refusing to grieve *on the plaintiffs' terms.* No more is exigible. *See, e.g., Vaca v. Sipes,* 386 U.S. 171, 190–91, 87 S.Ct. 903, 916–17, 17 L.Ed.2d 842 (1967); *de Arroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281, 284 n. 2 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970).

This observation leads directly to a further observation. *Vaca* teaches that, even if a union misconstrues the CBA, its misconstruction, *simpliciter,* does not constitute a breach of its duty of fair representation. *See Vaca,* 386 U.S. at 190, 87 S.Ct. at 916. There is no breach unless the union's "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." *Id.; accord Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 1129–30, 113 L.Ed.2d 51 (1991); *Alicea v. Suffield Poultry, Inc.,* 902 F.2d 125, 130 (1st Cir. 1990). In this instance, no rational factfinder could conclude that the Union crossed that line.

*Third:* The plaintiffs' case against Crowley is no more robust than their case against the Union. In point of fact, the inadequacy of the plaintiffs' claim against the Union presages the inadequacy of their claim against Crowley. In order to excuse their failure to exhaust contractual remedies in the conventional manner and prevail in a hybrid section 301 action on a theory that the employer violated the CBA, disgruntled employees must first prevail on their unfair representation claim. *See Breininger v. Sheet Metal Workers Int'l,* 493 U.S. 67, 82, 110 S.Ct. 424, 433–34, 107 L.Ed.2d 388 (1989); *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983); *Chaparro–Febus v. International Longshoremen Ass'n, Local 1575,* 983 F.2d 325, 330 (1st Cir.1992). Failing in the first instance, the plaintiffs also fail in the second instance.

Mindful, as we are, of the district court's more exegetic treatment of these (and other) matters, we need go no further. The judgment below is summarily affirmed. *See* 1st Cir.R. 27.1.

*Affirmed.*