NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT

United States Court of Appeals
For the First Circuit

No. 99-1525
HARTFORD FIRE INSURANCE COMPANY,
Plaintiff, Appellee,

v.

RHODE ISLAND PUBLIC TRANSIT AUTHORITY,
Defendant, Appellant.

No. 99-1637
HARTFORD FIRE INSURANCE COMPANY,
Plaintiff, Appellant,

v.

RHODE ISLAND PUBLIC TRANSIT AUTHORITY,
Defendant, Appellee.


APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Selya, Stahl, and Lipez
Circuit Judges.

James E. Kelleher, with whom Revens, Lanni, Revens & St.
Pierre was on brief, for Rhode Island Public Transit Authority.
John A. Donovan, III, with whom Robert H. Gaynor and Sloane &
Walsh, LLP were on brief, for Hartford Fire Insurance Company.

February 14, 2000

Per Curiam. These appeals arise out of a declaratory
judgment action brought by an insurer against its insured,
questioning the scope of its coverage and the existence vel non of
a duty to defend. Jurisdiction is premised on diversity of
citizenship. See 28 U.S.C. 1332(a). Rhode Island law controls. 
The district court decided the questions presented on summary
judgment. See Hartford Fire Ins. Co. v. Rhode Island Pub. Transit
Auth., C.A. No. 98-094-ML, slip op. (D.R.I. Mar. 31, 1999). Both
sides now appeal.
We have said before, and today reaffirm, that "when a
trial court accurately takes the measure of a case and articulates
its rationale clearly and convincingly, 'an appellate court should
refrain from writing at length to no other end than to hear its own
words resonate.'" Cruz-Ramos v. Puerto Rico Sun Oil Co., F.3d
, (1st Cir. 2000) [No. 99-1683, slip op. at 3] (quoting
Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir.
1996)); accord Ayala v. Union de Tronquistas de P.R., Local 901, 74
F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel
Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). This is such a case.
Insofar as Appeal No. 99-1525 is concerned, the district
court properly rejected the insured's claims of estoppel and/or
waiver. See Hartford Fire, slip op. at 11-12. By like token, the
court correctly analyzed and resolved the coverage question. See
id. at 12-16. Consequently, we uphold the determination that no
coverage exists for substantially the reasons set forth by the
district court in its thoughtful rescript.
As to the cross-appeal, No. 99-1637, the insurer's
counsel conceded at oral argument that the duty-to-defend issue
raised therein has become moot. We therefore lack jurisdiction to
consider this cross-appeal. See, e.g., Mills v. Green, 159 U.S.
651, 653 (1895); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613
(1st Cir. 1993). Accordingly, we need go no further.

Affirmed.