**Rosemary DiGUILIO**

v.

**RHODE ISLAND BROTHERHOOD OF CORRECTIONAL OFFICERS et al.**

**No. 2001–611–Appeal.**

Supreme Court of Rhode Island.

April 4, 2003.

Richard A. Skolnik, Providence, for Plaintiff.

Gerard P. Cobleigh, Warwick, Patricia Solomon Lucarelli, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ, and WEISBERGER, C.J. (ret.).

## OPINION

PER CURIAM.

The defendants, the Rhode Island Brotherhood of Correctional Officers and the State of Rhode Island Department of Corrections, appeal from Superior Court judgments denying their motion to dismiss and granting the plaintiff, Rosemary DiGuilio, declaratory relief under a collective bargaining agreement, placing her in her desired position as a nurse for the Department of Corrections. At issue in this case is whether the plaintiff had a right to seek a declaratory judgment after her union informed her that it would not take her grievance to arbitration, since she did not assert that the union's conduct amounted to unfair representation. We heard arguments from counsel on March 5, 2003, pursuant to an order that the parties show cause why the issues raised should not be summarily decided. After hearing the arguments, reading the memoranda, and examining the record, we conclude that cause has not been shown and that the case should be decided at this time. We sustain the defendants' appeal.

The essential facts in this case were not in dispute. The plaintiff is an employee of the Department of Corrections (DOC) and a member of the Rhode Island Brotherhood of Correctional Officers (the union). In January 2001, plaintiff was promoted upon receipt of her provisional registered nurse (RN) license from the Department of Health. In this position, she worked a different shift from the one she had been working as a licensed practical nurse (LPN) for the DOC. The plaintiff received her professional RN license in March 2001, and promptly bid for an RN position on the shift she previously had worked when she was an LPN. She lost this bid to a person whom the DOC deemed to have had more contractual seniority. The plaintiff disagreed with the DOC's interpretation of seniority and took her grievance to the union. However, the union informed her that it would not take her case to arbitration. Under the collective bargaining agreement between the DOC and the union, only the union, not individual employees, has the power to take a grievance to arbitration.

The plaintiff subsequently filed suit in the Superior Court, and defendants filed a motion to dismiss. In allowing her to sue under the contract in Superior Court, the justice stated at a hearing:

"The union is not going to help her in this, and maybe for valid reasons of internal discipline or morale, they don't want to get involved, at least not in this situation of one union member against another. But that should not mean that the other people, in effect, or the other person who got the position automatically stays there if it can be demonstrated by the plaintiff that the contract was not administered according to its terms. So, she is properly in this Court * * *."

After that hearing, the Superior Court justice entered judgment on November 21, 2001, denying defendants' motion to dismiss and granting plaintiff declaratory relief, but he left it to the parties to work out a suitable remedy. When the justice later found that the parties could not agree on a remedy, he entered judgment on December 7, 2001, appointing plaintiff to the RN shift for which she had unsuccessfully bid.

The crucial question in this case is whether an employee who has unsuccess-

fully petitioned her union to arbitrate her grievance has the right to seek a judicial remedy under the collective bargaining agreement in the absence of a claim that the union's actions amounted to unfair representation. Because our answer to this question is dispositive of the matter, we assume without deciding that plaintiff had exhausted her other remedies under the grievance procedure before filing suit.

 ˙This issue is one of first impression in this state. However, we have consistently looked to federal law for guidance in the field of labor law. *MacQuattie v. Malafronte*, 779 A.2d 633, 636 n. 3 (R.I. 2001) (per curiam); *Board of Trustees, Robert H. Champlin Memorial Library v. Rhode Island State Labor Relations Board*, 694 A.2d 1185, 1189 (R.I.1997). There is a considerable body of federal law addressing an employee's right to enforce a collective bargaining agreement in court when, as here, the agreement sets forth an arbitration process and grants the union the exclusive power to represent employees in arbitration. Under federal law, in order to prevail in court against an employer for breach of contract when a union refuses to arbitrate an employee's grievance, the employee must demonstrate not only that the employer breached the contract but also that the union breached its duty to represent the employee fairly. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231, 245 (1976); *Ayala v. Union de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 346 .(1st Cir.1996).[1] In fact, the United States Supreme Court explicitly rejected the argument that "where the union refused to process a grievance, the employee should be allowed his suit in court without proof of the union's breach of duty." *Hines*, 424 U.S. at 570 n. 10, 96

S.Ct. at 1059 n. 10, 47 L.Ed.2d at 245 n. 10 (citing *Vaca v. Sipes*, 386 U.S. 171, 203, 87 S.Ct. 903, 923–24, 17 L.Ed.2d 842, 865 (1967) (Black, J., dissenting)). Consequently, without a showing that the union breached its duty of fair representation, the employee does not have any standing to contest the merits of his contract claim against the employer in court. *Early v. Eastern Transfer*, 699 F.2d 552, 555 (1st Cir.1983); *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir.1971) (per curiam).

 In this case, plaintiff did not allege, much less prove, that the union breached its duty of fair representation when it declined to take her grievance to arbitration. Consequently, plaintiff could not prevail on her breach of contract claim against defendant because she had no right to seek a judicial remedy under the collective bargaining agreement. A union has no duty to arbitrate a meritless grievance, and "must balance and consider the legitimate interests of all its members." *Ayala v. Union de Tronquistas de Puerto Rico, Local 901*, 913 F.Supp. 74, 79 (D.P.R.1995), *aff'd*, 74 F.3d 344 (1st Cir.1996). When, as here, a union member challenges the employer's interpretation of her seniority status, the union's decision to arbitrate her grievance could well affect other union members whose status would be altered under the proposed interpretation—a fact recognized by the hearing justice in this case. *Cf. Ayala*, 74 F.3d at 346 (rejecting the plaintiffs' claim that the union unfairly represented them when it declined to argue for the plaintiffs' interpretation of a seniority definition because "a union, caught in the middle between dueling employees, is not obliged to throw some union members to the wolves merely to placate

1. The employee need not sue the union, but must establish that the union breached its duty of fair representation. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476, 489 (1983).

others"). Thus, were we to adopt plaintiff's argument that she be able to proceed to court on her breach of contract claim, we would take decisions affecting the rights and status of union employees out of the hands of unions and arbitrators and place them into the judicial forum. Such a result is clearly contrary to the collective bargaining agreement at issue here, which sets arbitration invoked by the union as the exclusive remedy for a breach of contract grievance brought by an employee. We therefore adopt the federal rule that, in order to sue an employer in court despite the contrary language of a collective bargaining agreement, an employee first must establish that the union's failure to arbitrate her grievance amounted to unfair representation.

Because we conclude that the plaintiff had no standing to seek a declaratory judgment, we need not address the other issues raised in this appeal.

Accordingly, we sustain the defendants' appeal and reverse the judgments of the Superior Court, to which we return the papers in this case.