June 6, 2018

**Supreme Court**

No. 2016-248-Appeal.
(PC 15-832)
(dissent begins on page 8)

Dolores Nugent                    :

v.                    :

State of Rhode Island                    :
Public Defender's Office.

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2016-248-Appeal.
(PC 15-832)
(dissent begins on page 8)

Dolores Nugent                    :

v.                    :

State of Rhode Island            :
Public Defender's Office.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**   The plaintiff, Dolores Nugent (Nugent), appeals

from a Superior Court judgment granting a motion brought by the defendant, the State of Rhode

Island Public Defender's Office (Public Defender's Office), for judgment on the pleadings.  This

matter came before the Supreme Court pursuant to an order directing the parties to appear and

show cause why the issues raised in this appeal should not be summarily decided.   After

considering the parties' written and oral submissions and reviewing the record, we conclude that

cause has not been shown and we proceed to decide the appeal at this time.  For the reasons set

forth herein, we vacate the Superior Court judgment.

**I**

**Facts and Procedural History**

**A**

**Nugent's Termination and Subsequent Arbitration Proceeding**

Nugent had been an employee of the Public Defender's Office for nineteen years.  In July

2013, Nugent learned that her nephew had been murdered.  During his arraignment, the Public

Defender's Office represented the individual accused of murdering her nephew. Nugent attended the arraignment and later asked an employee at the Public Defender's Office to see the paperwork for the case. After Nugent was denied access to the paperwork, the same employee observed Nugent speaking on her cell phone and allegedly informing an unknown third party that she should be able to gain access to the case documents the following day. By a letter dated August 29, 2013, the Public Defender's Office terminated Nugent's employment.

In response to Nugent's termination, the Rhode Island Laborers' District Council, on behalf of Local Union 808, LIUNA (union), filed a grievance claiming that Nugent was terminated without just cause. The grievance was not resolved and the matter proceeded to arbitration. After hearing testimony from Nugent and several employees of the Public Defender's Office, the arbitrator determined that "given the egregiousness of [Nugent's] misconduct * * * and considering as well her prior record of discipline," the Public Defender's Office "acted with just cause when it terminated [Nugent's] employment."

## B

### *Nugent I*

On June 27, 2014, Nugent filed a complaint in Superior Court to "appeal" the arbitration decision (*Nugent I*). She alleged that "the [a]rbitrator[] was arbitrary and capricious, based on facts, constituting clear error of law, against a greater weight of evidence presented, and the intent of the mandates and guidelines, protecting the confidentiality of Public Defender records, and conflicts of interest." Nugent sought reversal of the arbitration decision and reinstatement to her previous employment at the Public Defender's Office. In its answer, the Public Defender's Office argued, relying on *DiGuilio v. Rhode Island Brotherhood of Correctional Officers*, 819 A.2d 1271 (R.I. 2003), that Nugent lacked standing to bring the action in her individual capacity

without first making a showing that her union violated its duty of fair representation. *See DiGuilio*, 819 A.2d at 1273. The Public Defender's Office also moved for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure and argued, in part, that Nugent lacked standing to seek judicial review of the arbitration award. Specifically, the Public Defender's Office argued that, under the terms of the collective bargaining agreement, only the union or the Public Defender's Office—the parties to that agreement—could bring the grievance to arbitration and subsequently seek judicial review of the arbitration award under G.L. 1956 § 28-9-18. The Public Defender's Office, citing again to *DiGuilio*, argued that Nugent lacked standing because she did not put forth any evidence that the union breached its duty of fair representation and, consequently, she was barred from challenging the arbitration award on her own and without representation by the union. *DiGuilio*, 819 A.2d at 1273.

After a December 9, 2014 hearing on defendant's Rule 12(c) motion, the hearing justice issued a bench decision granting the motion. We note that no transcript was ordered for this hearing. On December 18, 2014, judgment entered in favor of the Public Defender's Office.

## C

### *Nugent II*

On the same day that she filed her complaint in *Nugent I* seeking judicial review of the arbitration award, June 27, 2014, Nugent also filed a charge with the Rhode Island Commission for Human Rights alleging employment discrimination. On December 2, 2014, the Commission issued her a right-to-sue letter. Thereafter, on March 2, 2015, Nugent filed a second complaint in Superior Court seeking declaratory, injunctive, and equitable relief, in addition to reinstatement to her former position and back pay (*Nugent II*). She also sought compensatory damages for alleged unlawful employment discrimination based on race and disability, and retaliation based

- 4 -

on her prior complaints of race discrimination, disability discrimination, religious discrimination, and sexual harassment.

On March 3, 2016, the Public Defender's Office moved for judgment on the pleadings and argued that *res judicata* and collateral estoppel barred Nugent's discrimination claims. On May 31, 2016, the same hearing justice who decided *Nugent I* issued a bench decision wherein he found that *res judicata* barred Nugent's second action because the parties to both actions were the same; the issues all related to Nugent's employment with, and termination from, the Public Defender's Office; and "there was final judgment" that "resolved all claims between the parties." On June 17, 2016, an order entered granting the Public Defender's Office's motion for judgment on the pleadings; on that same date, final judgment entered in favor of the Public Defender's Office on all claims. On July 7, 2016, Nugent filed a timely notice of appeal to this Court.

**II**

**Standard of Review**

A judgment on the pleadings under Rule 12(c) of the Superior Court Rules of Civil Procedure "provides a trial court with the means of disposing of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided." *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 973 (R.I. 2017) (quoting *Chariho Regional School District v. Gist*, 91 A.3d 783, 787 (R.I. 2014)). When reviewing the decision of a hearing justice on a motion for judgment on the pleadings pursuant to rule 12(c), we utilize the Rule 12(b)(6) motion-to-dismiss test. *Id*. Thus, a judgment on the pleadings "may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of

conceivable facts that could be proven in support of its claim." *Id*. (quoting *Tri-Town Construction Co. v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 478 (R.I. 2016)).

## III

### Discussion

On appeal, Nugent contends that the hearing justice erred in granting judgment on the pleadings in favor of the Public Defender's Office because the doctrine of *res judicata* does not bar her claims in *Nugent II*. Specifically, Nugent avers that although her first Superior Court action was entitled "Complaint," it was not a complaint in its essence because she sought only to vacate the arbitration decision pursuant to § 28-9-18.[1] Thus, she contends that under the arbitration statute, she was precluded in *Nugent I* from bringing the discrimination claims she alleged in *Nugent II*. Accordingly, she argues that the hearing justice's decision should be reversed and she should be allowed to litigate *Nugent II*. The Public Defender's Office counters that principles of *res judicata* and collateral estoppel bar Nugent's discrimination claims in *Nugent II*.

The doctrine of *res judicata* operates to "render[] a prior judgment by a court of competent jurisdiction in a civil action between the same parties conclusive as to any issues actually litigated in the prior action, or that could have been presented and litigated therein." *DiBattista v. State*, 808 A.2d 1081, 1085 (R.I. 2002) (quoting *DiBattista v. State of Rhode Island*,

---

[1] General Laws 1956 § 28-9-18(a) provides:

> "In any of the following cases the court must make an order vacating the award, upon the application of any party to the controversy which was arbitrated:
> "(1) When the award was procured by fraud.
> "(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.
> "(3) If there was no valid submission or contract * * *."

- 6 -

*Department of Children, Youth and Families*, 717 A.2d 640, 642 (R.I. 1998) (mem.)). "The doctrine applies when 'there exists identity of parties, identity of issues, and finality of judgment in an earlier action.'" *Plunkett v. State*, 869 A.2d 1185, 1188 (R.I. 2005) (quoting *Beirne v. Barone*, 529 A.2d 154, 157 (R.I. 1987)). For purposes of *res judicata*, we must examine both *Nugent I* and *Nugent II* to determine whether the parties and the issues are the same in both actions and whether finality of judgment exists in the earlier action. *See id.* We will focus our analysis on the dispositive issue—whether the hearing justice's grant of judgment on the pleadings in *Nugent I* operates as a final judgment on the merits.

It is clear that the hearing justice granted judgment on the pleadings in *Nugent I* in favor of the Public Defender's Office on the basis of standing. We determined in *DiGuilio* that, when an employee unsuccessfully petitioned her union to bring her grievance to arbitration, "without a showing that the union breached its duty of fair representation, the employee [does] not have any standing to contest the merits of his [or her] contract claim against the employer in court" under the collective bargaining agreement. *DiGuilio*, 819 A.2d at 1273 (citing *Early v. Eastern Transfer*, 699 F.2d 552, 555 (1st Cir. 1983)). A plaintiff's showing that his or her union violated its duty of fair representation acts as a narrow exception to the finality of a grievance decision, as governed by the collective bargaining agreement, and gives the plaintiff the right to contest his or her termination in court. *Early*, 699 F.2d at 555. When determining whether or not an adjudication was on the merits for purposes of *res judicata*, we look to whether the party has "had an opportunity to be heard." *Huntley v. State*, 63 A.3d 526, 532 (R.I. 2013) (concluding that the Superior Court's dismissal for failure to state a claim was deemed a judgment on the merits because the plaintiff had an opportunity to be heard that was sufficient to satisfy due-process concerns when she received notice of the defendants' motion to dismiss and failed to oppose it).

In *Nugent I*, Nugent's standing to challenge her termination in Superior Court was a threshold issue that was properly addressed prior to consideration of the merits of her case. *See Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 534-35 (R.I. 2013) (noting that standing is a threshold issue and that third parties to a contract generally lack standing to challenge its validity). Nugent failed to show that the union had "breached its duty of fair representation[,]" and the hearing justice correctly determined that Nugent lacked standing to challenge the arbitration decision in court. *DiGuilio*, 819 A.2d at 1273. We conclude that the hearing justice's consideration of Nugent's standing did not reach the merits of *Nugent I*, and that she has yet to have an opportunity to be heard. Accordingly, we conclude that *Nugent I* was not a final judgment for purposes of *res judicata* and thus, Nugent is not barred from seeking redress for her discrimination claims raised in *Nugent II*.

## IV

## Conclusion

For the reasons stated herein, we vacate the judgment of the Superior Court in *Nugent II* granting judgment on the pleadings in favor of the Public Defender's Office. The case shall be remanded to the Superior Court.

**Justice Robinson, dissenting**. I respectfully but very earnestly dissent. In my opinion, the defendant in the case now before us (*Nugent II*) was entitled to have the action summarily dismissed. In my view, this Court's message to the plaintiff should (in effect) be: "Enough is enough!"

The plaintiff had her day in court in *Nugent I* (which civil action was commenced on June 27, 2014); and I do not believe that she has any right to further encumber the Superior Court with

a new piece of litigation involving the very same set of operative facts as gave rise to the first litigation at issue (*Nugent I*). It is my view that, having previously availed herself of the Superior Court's jurisdiction with respect to the alleged wrongfulness of her termination, plaintiff should not be permitted to litigate that matter once again in an entirely new civil action.

While my respect for my colleagues is real, I am profoundly convinced that the majority's opinion (especially its application of the doctrine of *res judicata*) is inconsistent with certain basic and venerable assumptions that underlie the body of Anglo-American jurisprudence. It is my definite conviction that *Nugent II* should not be allowed to go forward. The plaintiff had her opportunity to bring the issue of the allegedly wrongful termination of her employment before the Superior Court; she did so; she did not prevail; and that should be the end of it. *See, e.g.*, *Palazzo v. Alves*, 944 A.2d 144, 155 (R.I. 2008) ("There is nothing more to be said; this case is over."); *Arena v. City of Providence*, 919 A.2d 379, 396 (R.I. 2007) ("It is time for this litigation to end."); *Gunn v. Union Railroad Co.*, 27 R.I. 320, 337, 62 A. 118, 125 (1905) (quoting with approval an ancient Latin maxim: "*Interest reipublicae ut sit finis litium*"[1]).

In my judgment, the principles underlying the doctrine of *res judicata* should have resulted in the dismissal of *Nugent II*. As this Court has often stated, the doctrine of *res judicata* bars the relitigation of all issues that "were tried *or might have been tried* in an earlier action." *Huntley v. State*, 63 A.3d 526, 531 (R.I. 2013) (emphasis in original) (internal quotation marks omitted); *see also Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010) (same); *Carrozza v. Voccola*, 962 A.2d 73, 78 (R.I. 2009) (same); *Ouimette v. State*, 785 A.2d 1132, 1138 (R.I. 2001) ("*Res judicata* bars the relitigation of any issue that could have been litigated in a prior proceeding, even if the particular issue was not raised.").

---

[1] The quoted Latin maxim can be translated as follows: "It is in the interest of the republic that there be an end to litigation."

It is clear from the record that plaintiff was displeased over the fact that her employment with the Public Defender's Office was terminated. And she certainly was entitled to seek redress with respect to that termination. The plaintiff began the process of seeking redress by invoking the grievance and arbitration procedures that she was contractually entitled to invoke. Once those remedies did not produce a favorable result for her, plaintiff opted to seek judicial review. Accordingly, while represented by counsel, plaintiff filed a document entitled "Complaint" in the Superior Court (*i.e.*, *Nugent I*). In the body of said Complaint, plaintiff sought to have the adverse decision of the arbitrator vacated. That challenge to the arbitral award was the only count set forth in her Complaint (although it was not labeled specifically as a "count"). It is crucially important to bear in mind that, at that juncture, nothing prevented plaintiff and her attorney from including additional statute-based counts in her Complaint for the purpose of challenging what she deemed to have been a wrongful and discriminatory termination.

Significantly, on the very day that plaintiff filed her Complaint in *Nugent I* in the Superior Court, she filed a charge of discrimination with the Rhode Island Commission for Human Rights.[2] However, for whatever reason, plaintiff and her attorney[3] chose not to include in her Complaint in *Nugent I* one or more separate and distinct counts pursuant to the anti-discrimination statutes, whereby she could have brought to the court's attention what she perceived to be the discriminatory motivation for her termination. No rule or other pertinent

---

[2]     I consider it to be of great importance to bear in mind that, at the relevant time (*viz.*, when she commenced the *Nugent I* action), plaintiff clearly was of the belief that she was the victim of employment discrimination. As Part I.C of the majority opinion correctly states: "On the same day that she filed her complaint in *Nugent I* seeking judicial review of the arbitration award, June 27, 2014, Nugent also filed a charge with the Rhode Island Commission for Human Rights alleging employment discrimination."

[3]     I consider it noteworthy that the Complaint in *Nugent I* was signed by plaintiff's personal attorney. This was not a situation where an attorney for the union for an aggrieved employee was seeking vacation of an adverse arbitral award.

prohibition prevented plaintiff from including one or more such separate counts alleging discrimination.  At the very least, plaintiff at all relevant times had immediately available to her a cause of action under the Rhode Island Civil Rights Act of 1990, as to which no type of administrative exhaustion is a prerequisite.  *See* G.L. 1956 chapter 112 of title 42.[4]

As the majority opinion correctly indicates, the defendant (the Public Defender's Office) reacted to plaintiff's Complaint in *Nugent I* by filing a motion to dismiss pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure.  In due course, after a hearing in open court, that motion was granted and a "Final Judgment" was issued.

The basis for the defendant's Rule 12(c) motion and the Superior Court's favorable reaction thereto was the fact that plaintiff lacked "standing" to seek vacation of the arbitrator's award.[5]  It is very important to emphasize, however, that there would have been no similar impediment to plaintiff's including one or more additional counts in her Complaint alleging

---

[4]     I am aware that, at the time that she filed the Complaint in *Nugent I*, plaintiff was not yet in possession of a Right to Sue Letter from the Rhode Island Commission for Human Rights—the issuance of such a letter being a condition precedent to the commencement of a civil action under the Rhode Island Fair Employment Practices Act, G.L. 1956 chapter 5 of title 28. However, in addition to the fact that, at the time that she filed her Complaint in *Nugent I*, she was entirely free to immediately include a discrimination count under the Rhode Island Civil Rights Act, plaintiff could have thereafter sought leave to amend her Complaint in *Nugent I* so as to add a count under the Fair Employment Practices Act once a Right to Sue Letter was issued (as indeed it eventually was).  In that regard, it should be noted that this Court has indicated that, "although leave to amend a pleading lies within the sound discretion of a trial justice," Rule 15(a) of the Superior Court Rules of Civil Procedure "liberally permits amendment absent a showing of extreme prejudice."  *Weybosset Hill Investments, LLC v. Rossi*, 857 A.2d 231, 236 (R.I. 2004) (internal quotation marks omitted); *see also Medeiros v. Cornwall*, 911 A.2d 251, 253 (R.I. 2006) ("[T]his court has consistently held that trial justices should liberally allow amendments to the pleadings.") (internal quotation marks omitted).

[5]     The defendant's Rule 12(c) motion contended that plaintiff lacked standing to seek judicial review of the arbitration award—in view of the fact that, since there was no evidence that the union had breached its duty of fair representation, only the union and not plaintiff was entitled to seek judicial review of the award.

discrimination in violation of one or more statutes. (There would have been no necessity for union involvement in the preparation and filing of such a claim. And, I repeat, plaintiff was represented at that time by her own personal attorney.)

It should go without saying that the Superior Court, a court of general jurisdiction, would have had subject matter jurisdiction over such discrimination counts. The fact that the only count then before the court was properly dismissed because of plaintiff's failure to satisfy the threshold criterion of standing certainly does not mean that one or more additional counts alleging discrimination would have been dismissed on that basis; plaintiff certainly would have had standing to allege discrimination in her own name. But the fact is that plaintiff and her lawyer *chose* not to include any such count in the Complaint. And such choices should have consequences.

I believe that *Nugent II* merited dismissal on the basis of what I consider to be the fundamental jurisprudential principles that underlie the *res judicata* doctrine. It is true that the usual formulations of the doctrine of *res judicata* include a requirement that there have been a final judgment on the merits in the first case. *See, e.g.*, *In re Sherman*, 565 A.2d 870, 872 (R.I. 1989) ("Res judicata serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.") (internal quotation marks omitted); *see also Glassie v. Doucette*, 159 A.3d 88, 95 (R.I. 2017); *Bossian*, 991 A.2d at 1027. However, I am convinced that the "one bite of the apple" principle is necessarily part and parcel of the *res judicata* doctrine. *See generally United States v. California & Oregon Land Co.*, 192 U.S. 355, 358 (1904) (Holmes, J.) ("[T]he whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time."). Accordingly, it is my view that, by choosing not to include in *Nugent I* such separate

- 12 -

counts as to which there could in due course have been a final judgment on the merits, plaintiff should not now be permitted to rely on the absence of such a final judgment so as to have another day in court.

Sound reasons of policy counsel against the same set of operative facts being the subject of repeated litigation in our courts. The following observation made by the late Justice Thomas Kelleher several decades ago remains as pertinent today as it was then:

> "Today, a trial judge is confronted with crowded dockets and numerous litigants who wish to have their controversies resolved. 'Judge time' now rates as a precious commodity. Res judicata does not permit one the luxury of trying his case on the installment plan." *Perez v. Pawtucket Redevelopment Agency*, 111 R.I. 327, 336, 302 A.2d 785, 791 (1973).[6]

I also note that, although the trial justice dismissed *Nugent II* on the basis of the doctrine of *res judicata*, his application of that doctrine to this case was conceptually quite different from the *res judicata* reasoning that I think should govern this particular case. My simple but emphatic point in this dissent is that plaintiff had every chance to allege discrimination when she availed herself of the jurisdiction of the Superior Court by filing her Complaint in *Nugent I*. She and her attorney chose not to do so, and such choices should be outcome-determinative. I firmly believe that *Nugent II* merited dismissal on *res judicata* grounds due to plaintiff's complete failure to have alleged employment discrimination in her Complaint in *Nugent I*, regardless of the fact that there was no final judgment on the merits in *Nugent I*. *See Bossian*, 991 A.2d at 1027 ("This Court has unequivocally held as follows: '*Res judicata*, or claim preclusion, prohibits the

---

[6]     *See also Northern Trust Co. v. Zoning Board of Review of Town of Westerly*, 899 A.2d 517, 520 (R.I. 2006) (mem.) ("We conclude by indicating that we are keenly aware of the judiciary's obligation to see to it that litigation be not unduly or improperly prolonged. * * * We are more than persuaded that the instant plaintiffs have had their day in court—and then some. The time has come for this litigation to end."); *Thomas v. Ross*, 477 A.2d 950, 953 (R.I. 1984) ("Trial on an installment-plan basis cannot be countenanced * * *.").

relitigation of all issues that were tried *or might have been tried* in the original suit * * *.'") (emphasis in original) (quoting *Carrozza*, 962 A.2d at 78). The fact that an allegation of discrimination was not made in *Nugent I* when it could have been made suffices, in my considered judgment, for the principles underlying the doctrine of *res judicata* to apply.

Accordingly, I respectfully but unblinkingly dissent.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Dolores Nugent v. State of Rhode Island Public Defender's Office. |
| **Case Number** | No. 2016-248-Appeal. (PC 15-832) |
| **Date Opinion Filed** | June 6, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Richard J. Savage, Esq. |
| | For Defendant:<br><br>Adam J. Sholes, Esq.<br>Assistant Attorney General<br><br>Jessica D. Rider, Esq.<br>Special Assistant Attorney General |