February 6, 2019

**Supreme Court**

No. 2017-342-Appeal.
No. 2018-69-Appeal.
(PM 16-2173)

Sean Gannon          :

       v.            :

City of Pawtucket.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2017-342-Appeal.
No. 2018-69-Appeal.
(PM 16-2173)

Sean Gannon          :

v.                   :

City of Pawtucket.   :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** Sean Gannon appeals from orders of the Superior Court relating to his motion to vacate an arbitration award issued in connection with the termination of his employment as a firefighter with the City of Pawtucket. This case came before the Supreme Court for oral argument on November 27, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed on behalf of the parties, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

**I**

**Facts and Travel**

Gannon was hired as a firefighter by the city in late April or early May 2013, and soon thereafter completed his training at the fire training academy. By virtue of his employment with the city as a firefighter, he became a member of the International Association of Firefighters,

Local 1261 (the union), and thus became subject to the terms and conditions enumerated in the collective bargaining agreement (CBA) in effect between the city and the union. That agreement specifies that the union is the sole and exclusive bargaining agent for uniformed employees of the Fire Division of the Pawtucket Department of Public Safety, with the sole exception of the fire chief.

Gannon alleges that, in November 2013, the city terminated his employment without cause. The union subsequently filed a grievance against the city, challenging Gannon's termination, and the matter eventually proceeded to arbitration under the rules of the American Arbitration Association in accordance with the procedure set forth in the CBA. After several days of hearings, the arbitrator rendered a decision on March 2, 2016, finding in favor of the city. On May 13, 2016, Gannon, in his personal and individual capacity, timely filed a motion in the Superior Court seeking to vacate the arbitration award.

The city moved to dismiss Gannon's motion pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, arguing that Gannon lacked standing to challenge an arbitration award arising from a case to which he had not been a party. Before a hearing on the motion could be held, however, Gannon filed a motion on August 25, 2016 to involuntarily join the union as a necessary party under Rule 19 of the Superior Court Rules of Civil Procedure.[1] The

---

[1] Rule 19 of the Superior Court Rules of Civil Procedure provides, in relevant part, that:

> "A person who is subject to service of process shall be joined as a party in the action if:
>
> > "(1) In the person's absence complete relief cannot be accorded among those already parties; or
> >
> > "(2) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:

union objected to the joinder, arguing that Gannon could not compel the union to represent him in an action that the union had deemed to be futile. The union also expressed its apprehension about the risk of exposure to an award of attorneys' fees, pursuant to G.L. 1956 § 28-9-18(c), should a petition to vacate the award be unsuccessful.[2] After considering the arguments presented by the parties, the hearing justice denied Gannon's motion to join the union as a party under Rule 19.

However, on September 22, 2016, the very day that the city's motion to dismiss was to be heard, Gannon notified the court that he had reached an agreement with the union whereby the union would voluntarily join the case, notwithstanding its prior objections to joinder under Rule 19. In light of this development, the hearing justice passed the city's motion to dismiss to allow time for the union to enter the case.

On February 17, 2017, Gannon moved to amend his pleading in an effort to substitute the union as a party under Rule 15 of the Superior Court Rules of Civil Procedure. The city objected and renewed its motion to dismiss. The hearing justice, for reasons discussed *infra*, denied Gannon's motion to substitute and granted the city's motion to dismiss. The order memorializing those decisions was entered on June 20, 2017, and the city soon filed a motion for

---

> "(A) As a practical matter impair or impede the person's ability to protect that interest; or
>
> "(B) Leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest."

[2] General Laws 1956 § 28-9-18(c) provides: "If the motion to vacate, modify, or correct an arbitrator's award is denied, the moving party shall pay the costs and reasonable attorneys' fees of the prevailing party."

costs and reasonable attorneys' fees, pursuant to § 28-9-18(c), which the hearing justice granted. Gannon then filed this timely appeal.[3]

Before this Court, Gannon challenges the denial of his motion to substitute the union as the proper plaintiff, the grant of the city's motion to dismiss Gannon's motion to vacate the arbitration award, and the grant of the city's motion for attorneys' fees.

## II

## Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 277 (R.I. 2011) (alteration omitted) (quoting *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* at 278. "We thus are confined to the four corners of the complaint and must assume all the allegations are true, resolving any doubts in [the] plaintiff's favor." *Id.* "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts.'" *Id.* (alteration omitted) (quoting *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I. 2000)).

## III

## Discussion

The appeal before this Court can be distilled to two essential questions. First, we must determine whether Gannon had standing to challenge an arbitration award to which he was a grievant, but not a party. Second, we must decide, if he did not have standing, whether

---

[3] Gannon appealed separately from the June 20, 2017 order granting the city's motion to dismiss and denying Gannon's motion to amend and the August 11, 2017 order granting the city's motion for attorneys' fees. The two appeals have been consolidated for the purpose of this review.

substituting the union in place of Gannon as the plaintiff, months after the statutory period for challenging the award had passed, should, under Rule 15, relate back to Gannon's original timely motion and thus resuscitate the motion to vacate the arbitration award. We address these questions in turn before we determine the issue of attorneys' fees.

## A

## Standing

We first address Gannon's argument that the hearing justice erred by granting the city's motion to dismiss his motion to vacate the arbitration award because, he contends, although the union represented his interest in the arbitration proceedings, he was the true party-in-interest in that it was his termination by the city that was at issue. When Gannon's employment was terminated, the union, as his sole and exclusive bargaining agent, took up his grievance in arbitration proceedings with the city. After the arbitrator found in favor of the city, the union concluded, based on its assessment of the strength of the case, that a motion to vacate the award would be futile. Obviously dissatisfied with that decision, Gannon brought his own motion in Superior Court.

The Fire Fighters Arbitration Act, G.L. 1956 chapter 9.1 of title 28, provides firefighters such as Gannon with "the right to bargain collectively with their respective cities or towns and be represented by a labor organization in the collective bargaining as to wages, rates of pay, hours, working conditions, and all other terms and conditions of employment." Section 28-9.1-4. Importantly, § 28-9.1-5 makes the firefighters' union "the sole and exclusive bargaining agent for all of the members of the city or town fire department[.]" Section 28-9.1-5. Therefore, as the hearing justice noted, although it was Gannon's termination that was at issue in the arbitration proceedings, "it was the Union that participated in that arbitration, it was the Union that was the

- 5 -

party to it, and it was the Union * * * that had the right to bring this instant petition" to vacate the arbitration award.

In *DiGuilio v. Rhode Island Brotherhood of Correctional Officers*, 819 A.2d 1271 (R.I. 2003), we adopted the federal rule that "without a showing that the union breached its duty of fair representation, the employee does not have any standing to contest the merits of his contract claim against the employer in court." *DiGuilio*, 819 A.2d at 1273, 1274; *see Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-71 (1976); *Early v. Eastern Transfer*, 699 F.2d 552, 555 (1st Cir. 1983); *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1971) (per curiam). Such a showing, we have since noted, "acts as a narrow exception to the finality of a grievance decision, as governed by the collective bargaining agreement, and gives the plaintiff the right to contest his or her termination in court." *Nugent v. State Public Defender's Office*, 184 A.3d 703, 707-08 (R.I. 2018).

Just last term, in *Nugent*, we applied this rule in the context of a union member's challenge, in her individual capacity, to an adverse arbitration award issued pursuant to a grievance brought on her behalf by her union. *Nugent*, 184 A.3d at 707. In that case, an employee of the Public Defender's Office alleged that she had been improperly terminated after allegations surfaced that she had attempted to gain access to documents kept by her office in relation to the ongoing defense of an individual accused of murdering the employee's nephew. *Id.* at 705. Responding to her termination, her union filed a grievance claiming the employee had been terminated without just cause. *Id.* The matter eventually proceeded to arbitration, after which the arbitrator found in favor of the employer. *Id.* Dissatisfied with this outcome, the employee, in her individual capacity, brought an action in Superior Court in an attempt to vacate

the arbitrator's decision and reinstate her previous employment.[4]  *Id.*  We held, *inter alia*, that the employee had "failed to show that the union had 'breached its duty of fair representation[,]' and the hearing justice correctly determined that [the employee] lacked standing to challenge the arbitration decision in court."  *Id.* at 708 (quoting *DiGuilio*, 819 A.2d at 1273).

The posture of the case before us now is strikingly similar.  As in *Nugent*, Gannon's union representative, in accordance with a collective bargaining agreement with the city, challenged Gannon's termination in arbitration proceedings.  When those proceedings resulted in a decision in favor of the city, the union exercised its discretion and decided that it would not seek judicial relief by filing a motion to vacate the award.[5]  Gannon nevertheless pressed ahead with his own motion.  Our holdings in *DiGuilio* and *Nugent*, however, make it clear that Gannon lacked standing to do so in the absence of "a showing that the union breached its duty of fair representation[.]"  *Nugent*, 184 A.3d at 707 (quoting *DiGuilio*, 819 A.2d at 1273).  Gannon has made no such claim; consequently, it is our opinion that he had no individual standing to bring a motion to vacate the arbitrator's award.

---

[4] The employee in *Nugent v. State Public Defender's Office*, 184 A.3d 703 (R.I. 2018), also filed a second complaint in Superior Court seeking compensatory damages and other relief based upon a claim of employment discrimination.  *Nugent*, 184 A.3d at 706.  The main thrust of our decision in that case was that the discrimination claim was not barred on the grounds of *res judicata* by the previous denial of the employee's "appeal" from the arbitration award.  *Id.* at 708.

[5] As we said in *DiGuilio v. Rhode Island Brotherhood of Correctional Officers*, 819 A.2d 1271 (R.I. 2003), "[a] union has no duty to arbitrate a meritless grievance, and 'must balance and consider the legitimate interests of all its members.'"  *DiGuilio*, 819 A.2d at 1273 (quoting *Ayala v. Union de Tronquistas de Puerto Rico, Local 901*, 913 F. Supp. 74, 79 (D.P.R. 1995)).  It follows that a union similarly has no duty to bring what it believes to be a meritless motion to vacate an adverse arbitration award.

## B

## The Motion to Amend

Perhaps recognizing his precarious position with respect to standing, Gannon twice attempted to add the union as a plaintiff, employing Rule 19 in a motion for joinder on August 25, 2016, and, when that was unsuccessful, Rule 15 in a motion to amend to substitute a party on February 17, 2017. Unfortunately for Gannon, these efforts cannot bear fruit. The arbitration award was issued on March 2, 2016. Therefore, to be timely, the parties to the arbitration had until June 2, 2016, a statutory period of three months, to file a motion to vacate the award. *See* § 28-9-21. To be sure, Gannon's May 13, 2016 motion to vacate the award was timely, but it was fatally flawed because he lacked standing. The material question, then, is whether Gannon should be able to overcome this infirmity by amending his motion to vacate and substitute the union as movant by employing Rule 15 to relate that amendment back to the date of his original filing and thus avoid dismissal for lack of timeliness. We hold that he cannot.

Rule 15 of the Superior Court Rules of Civil Procedure allows a party to move the court for leave to amend its pleading. The rule makes it clear that "leave shall be freely given when justice so requires." Super. R. Civ. P. 15(a). That said, "a number of reasons—such as undue delay, bad faith, undue prejudice to the opposing party, or, most relevant to this case, futility of the amendment—may nonetheless warrant the denial of a motion to amend." *IDC Properties, Inc. v. Goat Island South Condominium Association, Inc.*, 128 A.3d 383, 393 (R.I. 2015). Ultimately, the decision as to whether to allow a party to amend its pleadings rests within the discretion of the court, and leave may be denied if the amendment would be futile. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lomastro v. Iacovelli*, 56 A.3d 92, 95 (R.I. 2012).

An amendment changing or adding a plaintiff relates back to the date of the original pleading if: (1) the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) the defendant(s) received notice of the changed or added plaintiff such that the defendant(s) "would not be prejudiced in maintaining a defense on the merits"; and (3) the defendant(s) "[k]new or should have known that but for a *mistake* the action would have been brought by * * * the plaintiff * * * to be added." Super. R. Civ. P. 15(c) (emphasis added).

Nothing in the record before us remotely suggests that the union's initial decision to forego bringing an action to vacate the arbitration award was a "mistake." Moreover, there is nothing in the record that would demonstrate that the city was aware, or should have been aware, that the failure to include the union was born of mistake. Indeed, the union declined twice to press Gannon's cause—first when it decided not to challenge the award in Superior Court, prompting Gannon to do so himself, and later when it expressly, and forcefully, objected to Gannon's efforts to bring it into the case. More than eleven months passed after the arbitration award was issued, and eight months went by after the statutory period of three months had long expired, before the union agreed to support Gannon's effort to substitute the union as a plaintiff in his Rule 15 motion to amend. As the hearing justice insightfully noted: "There was nothing to suggest to the City that it was a mistake that the Union wasn't brought in. * * * What it really amounts to is, for whatever reason, a change of heart on the Union's position." We agree.

As a result, we have no hesitation in concluding that a "change of heart" is insufficient to meet the requirements of Rule 15(c). It is our firm opinion that the hearing justice acted completely within her discretion when she denied Gannon's motion to amend.

Because Gannon did not have standing to bring this action in his individual capacity, and because the hearing justice properly denied the motion to substitute the union, it follows that the hearing justice was correct when she granted the city's motion to dismiss Gannon's motion to vacate the arbitration award.

## C

### Attorneys' Fees

Finally, we address the city's motion for attorneys' fees. Section 28-9-18(c) provides that: "If the motion to vacate, modify, or correct an arbitrator's award is denied, the moving party shall pay the costs and reasonable attorneys' fees of the prevailing party." In our view, this language leaves no room for debate—Gannon is responsible to pay the city's reasonable attorneys' fees.

Gannon contends that, because the hearing justice never reached the merits of his argument in support of vacating the arbitration award, the action was not "denied" but was instead "dismissed on procedural and jurisdictional grounds." This averment amounts to a vacuous distinction without a difference and one that does not merit further reflection. The city's Rule 12(b)(6) motion to dismiss was granted, and Gannon's motion to vacate the arbitrator's award was therefore denied.

Gannon's alternative argument that, because we hold that he was not a party to the arbitration proceeding he could not have been a "moving party" for the purpose of § 28-9-18(c), also lacks merit. Gannon, in his individual capacity, brought the motion to vacate the arbitration award that is currently before this Court. He was thus the "moving party." Under the clear and unambiguous language of § 28-9-18(c), he must, therefore, "pay the costs and reasonable attorneys' fees of the prevailing party" incurred while defending this claim.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court.  The file is remanded to the Superior Court.

**SUPREME COURT – CLERK'S OFFICE**

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Sean Gannon v. City of Pawtucket. |
| **Case Number** | No. 2017-342-Appeal.<br>No. 2018-69-Appeal.<br>(PM 16-2173) |
| **Date Opinion Filed** | February 6, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Joel J. Votolato, Esq.<br>For Defendant:<br><br>Timothy M. Bliss, Esq. |